# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE H.,<br><br>                              **Plaintiff,**<br><br>        vs.<br><br><br>**FRANK BISIGNANO, Commissioner of Social Security,**<br><br>                              **Defendant.** | **Case No. 1:25-cv-00069**<br><br><br>**RULING & ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF AGENCY ACTION**<br><br><br>**Magistrate Judge Dustin B. Pead** |

## I.  INTRODUCTION

Plaintiff  Julie H.[1] ("Plaintiff") seeks judicial review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for disability and disability insurance benefits under Title II of the Social Security Act ("Act").[2] After careful review of the entire record along with the parties' briefs,[3] the Court finds the Commissioner's

---

[1] Pursuant to best practices in the District of Utah related to privacy concerns in certain judicial opinions, including social security cases, Plaintiff is referred to by first name and last initial only. Privacy concerns are inherent in many of the Federal Rules. *See*, Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] 42 U.S.C. § 405(g).

[3] *See* ECF No. 20, Plaintiff's Motion for Review of Agency Action; ECF No. 26, Commissioner's Memorandum in Opposition to Motion for Review of Agency Action; ECF No. 31, Plaintiff's Reply to Response to Motion for Review of Agency Action.

decision to be legally sound and supported by substantial evidence.[4] Accordingly, for the reasons set forth herein, Plaintiff's Motion for Review of Agency Action is denied.[5]

## II.  BACKGROUND

Plaintiff applied for disability insurance benefits in December 2022, alleging a disability onset date of October 6, 2020.[6] Plaintiff's claim was denied initially[7] and upon reconsideration.[8] On May 2, 2024, Plaintiff was represented by legal counsel at an administrative hearing before Administrative Law Judge ("ALJ") Preston Mitchell.[9] An impartial vocational expert appeared and testified at the hearing.[10] On May 22, 2024 ALJ Mitchell issued an unfavorable decision finding Plaintiff not disabled.[11]

As set forth in the ALJ's decision, at Step 2 of the sequential evaluation process, the ALJ found Plaintiff had the severe medically determinable impairments of residuals from a history of diastolic heart failure, migraines, and moderate obesity.[12] At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically

---

[4] ECF No. 9 at 19-29, May 22, 2024, Social Security Administration Decision; *see also* Transcript of Administrative Record ("Tr.") 15-25.

[5] ECF No. 20.

[6] ECF No. 9 at 15.

[7] *Id*.

[8] *Id*.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 29.

[12] *Id.* at 17-18; 20 C.F.R. § 404.1520(c).

equaled a listed impairment.[13] As a result, the ALJ concluded Plaintiff had the Residual

Functional Capacity ("RFC") to perform "light work"[14] except Plaintiff:

> can only occasionally perform postural activities including climbing ramps and stairs, but she can never climb ropes, ladders, or scaffolds, and she should have no direct exposure to major industrial hazards such as moving construction machinery and unprotected heights.[15]

At Step 4, the ALJ found Plaintiff capable of performing her past relevant work as an

office manager.[16] In reaching his conclusion, the ALJ determined that the office manager

position did not require the performance of work-related activities that were precluded by

Plaintiff's RFC.[17]

Based thereon, the ALJ determined, from October 6, 2020, through the May 22, 2024,

date of the ALJ's decision, Plaintiff was not disabled and denied Plaintiff's claim.[18] Thereafter,

the Appeals Council denied Plaintiff's request for review,[19] and ALJ Mitchell's decision became

the final decision for purposes of review.[20] Plaintiff's May 27, 2025, appeal to this court then

followed.[21]

---

[13] *Id.* at 20; 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

[14] ECF No. 9 at 20; 20 C.F.R. § 404.1567(b) (defining "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.").

[15] *Id.* at 20.

[16] *Id.* at 24; 20 C.F.R. § 404.1565; *see also* Dictionary of Occupational Titles, 169.167-034.

[17] *Id.*; 20 C.F.R. § 404.1565.

[18] *Id.* at 25; 20 C.F.R. § 404.1520(f).

[19] Tr. 1-6; 20 C.F.R. § 404.981.

[20] 42 U.S.C. § 405(g).

[21] ECF No. 1, Plaintiff's Complaint.

### III.  STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to a determination of whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[22] A deficiency in either area is grounds for remand.[23]

Although the threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means---and means only---such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] In considering the administrative record, the court may neither "reweigh the evidence [n]or substitute [its] judgment for [that of] the [ALJ's]."[25] As a result, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[26]

### IV.  DISCUSSION

On appeal, Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to adequately evaluate Plaintiff's migraine headaches and her subjective complaints of pain.[27]

---

[22] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[23] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

[24] *Josue R. v. Kijakazi,* 2023 U.S. Dist. LEXIS 30662, at *6 (C.D. Cali Feb. 23, 2023) (*citing Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted)).

[25] *Hendron*, 767 F.3d at 954 (citation omitted).

[26] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[27] *See generally* ECF No. 20.

### A.   The ALJ Reasonably Evaluated Plaintiff's Migraine Symptoms In Assessing Her Workplace Restrictions

The question faced by this court is not whether the court or a different fact-finder could have found Plaintiff disabled. Rather, the specific inquiry is whether substantial evidence supports the ALJ's factual findings.[28] With this in mind, the court concludes that substantial evidence supports the ALJ's findings and the ALJ reasonable evaluated Plaintiff's migraine symptoms. It is Plaintiff who bears the burden of proving her workplace restrictions and, for the reasons stated below, Plaintiff is unable to establish that any further restrictions are warranted.[29]

In his decision, the ALJ concluded that Plaintiff's migraines constitute a severe medical impairment and incorporated restrictions related thereto in Plaintiff's RFC.[30] Nonetheless, the ALJ also determined that Plaintiff's claims of more debilitating migraine symptoms were not an accurate reflection of her actual functional abilities.[31] In reaching this conclusion, the ALJ reasonably relied on Plaintiff's medical records showing, among other things, that her migraines

---

[28] *Biestek,* 587 U.S. at 103.

[29] *Hawkins v. Saul,* 2019 U.S. Dist. LEXIS 155946, at *12 (D. Colo. Sept. 12, 2019) (citation omitted) ("[i]t is [Plaintiff's] burden to prove what h[er] limitations are—not the ALJ's burden to prove what his capabilities are.").

[30] ECF No. 9 at 24 ( in developing the RFC, "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. . . .").

[31] *Id.* at 26 (claimant "reported her migraine headaches as poorly controlled by medication and Botox injections. . . however, the [ALJ] notes this is inconsistent with the longitudinal treatment records . . . as well as her subsequent testimony during the May 2024 hearing where she reported significant relief from the Botox injections and current medication regimen.").

were well-controlled with medications.[32] The ALJ also reasonably relied upon the opinions of the medical experts who did not identify any greater migraine-related workplace restrictions than those given by the ALJ.[33] Plaintiff does not challenge the medical records or the ALJ's assessment of the medical opinions relied upon, both of which constitute substantial evidence supporting the ALJ's findings.

Instead, Plaintiff's arguments focus more specifically on her claims that: (1) the ALJ should have found Plaintiff's claims regarding the severity and frequency of her migraines to be more probative; and (2) the ALJ's assessment of Plaintiff's subjective complaints was deficient.[34] Upon review, neither claim is well supported. As an initial matter, the ALJ's assessment of Plaintiff's subjective complaints complies with relevant legal standards and is supported by the evidence of record. While Plaintiff may disagree, what the ALJ actually found most probative was the fact that Plaintiff's claims regarding the amount and severity of her migraines were inconsistent with the objective medical evidence.[35] The ALJ also found the opinions from the state agency medical experts and a consultative examiner persuasive as their

---

[32] *Id.* at 26-27.

[33] *See* Tr 72-73; Tr. 82-82 (state agency consultants considering Plaintiff's migraines found Plaintiff capable of performing light level work with postural restrictions and noted improvement with treatment).

[34] ECF No. 20; ECF No. 31.

[35] ECF No. 9 at 26 (claimant "reported her migraine headaches as poorly controlled by medication and Botox injections. . . however, the [ALJ] notes this is inconsistent with the longitudinal treatment records . . . as well as her subsequent testimony during the May 2024 hearing where she reported significant relief from the Botox injections and current medication regimen."); *see* 20 C.F.R. § 404.1529(c)(3)(iv) (ALJ must consider the effectiveness of the treatment).

findings conflicted with Plaintiff's own claims. At its core, Plaintiff's request for additional consideration of severity and frequence is simply a request to reweigh the evidence, which is something this court cannot do.[36]

Second, Plaintiff asserts that the ALJ's consideration of her subjective complaints was deficient because the ALJ failed to make a separate and distinct assessment of her migraine related claims. But the ALJ is not required to provide a specific explanation as to each and every claim made by claimant, or to discuss every possible factor that may apply to the analysis of a claimant's subjective complaints.[37] Here, the ALJ set forth the specific evidence relied upon in his evaluation of her migraines and identified the reasons for his conclusions regarding Plaintiff's symptoms.

## V. CONCLUSION

On balance, after reviewing Plaintiff's treatment history, prior administrative medical findings, medical opinions, examination findings, and Plaintiff's reported symptoms, the ALJ

---

[36] *Shirley V. v. Kijakazi,* 2023 U.S. Dist. LEXIS 220737, at *2 (D. Utah Dec. 11, 2023) (citing *Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006) ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ].").

[37] *Daniel R.A.J. v. Bisignano,* 2026 U.S. Dist. LEXIS 143486, at *2 (D. N. M. June 29, 2026) (citing *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."); *Deleana A. v. Kijakazi,* 2023 U.S. Dist. LEXIS 188811, at *17 (D. Kan. Oct. 19, 2023) ("An ALJ need not address every line of a Plaintiff's testimony with a specific corresponding note of agreement or disagreement."); *Trujillo v. Commissioner, SSA,* 818 Fed. Appx. 835, 843 (10th Cir. 2020) (citation omitted) (". . . an ALJ is not required to specifically discuss every factor in reaching a credibility determination.").

appropriately assessed Plaintiff's workplace restrictions regarding her migraines.[38] In doing so, the ALJ concluded that Plaintiff's claims of more debilitating symptoms were inconsistent with the objective medical evidence, and the ALJ outlined the evidence he relied upon in making his conclusion. Accordingly, for the reasons stated, the court finds the Commissioner's decision to be legally sound and supported by substantial evidence. As a result, Plaintiff's Motion for Review of Administrative Action is denied.[39]

Dated this 28th day of July, 2026.

_____
DUSTIN B. PEAD
United States Magistrate Judge

---

[38] *See* 20 C.F.R. § 404.1545; 20 C.F.R. § 404.1546(c) (ALJ assesses RFC based on all of the relevant evidence in the record).

[39] ECF No. 20.